UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

MARYANN FIORENTINO, individually, and
on behalf of all others similarly situated,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Class Plaintiff, MARYANN FIORENTINO (*hereinafter* "Plaintiff") individually, and on behalf of all those similarly situated, by and through his undersigned counsel, alleges violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (*hereinafter* "FDCPA") against Defendant, Financial Recovery Services, Inc. (*hereinafter* "Defendant FRS").

## INTRODUCTION

1. This Class Action arises from Defendant's unlawful scheme to collect debts in violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

2. The FDCPA prohibits collectors of consumer debts from, among other things, using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."[1]

3. A debt collector's collection communication is deceptive or misleading if, when

---

[1] 15 U.S.C. § 1692(e).

attempting to collect a time-barred debt, the debt collector does not inform the consumer that, if the consumer makes or even just agrees to make, a partial payment on the debt, it could restart the clock on a long-expired statute of limitations, in effect bringing a long-dead debt back to life.[2]

4. Defendant FRS has a pattern and practice of attempting to collect consumer debts, which the collector can no longer sue for because of statute of limitations, without notifying the consumer that should they accept one of the offered settlement options it will restart the statute of limitations and substantially affect the consumer's rights. In fact, Defendant FRS's collection letters falsely state that the payment options will not affect the consumer's rights.

5. Therefore, Plaintiff brings this suit on behalf of herself and all similarly situated persons who received correspondence from Defendant FRS, which attempted to collect a debt and seeks statutory damages, compensatory damages, attorneys' fees and costs, and all other such other and further relief that this court deems just and proper.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff, Maryann Fiorentino ("Plaintiff") is a resident of Broward County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

7. Plaintiff is a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below-described debt for personal, family or household services.

8. Defendant FRS is a corporation with its principal place of business in Minnesota; Defendant FRS' business is the regular collection of debts using the mail and/or telephone, which it regularly does in Broward County, Florida.

9. Defendant FRS is a debt collector as defined by 15 U.S.C. §1692a(6).

---

[2] *Pantoja v. Portfolio Recovery Assocs., LLC*, 78 F. Supp. 3d 743 (N.D. Ill. 2015) affirmed in *Pantoja v. Portfolio Recovery Associates, LLC*, Case No. 15-1567, 7th Cir. 2017.

[1606568/1]  2

10. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, 1367(a), 2201, 2202.

11. Venue is proper in this District under 28 U.S.C. § 1391 because: (i) the conduct from which this cause of action arises occurred in this District; and (ii) Defendant transacts business in this District.

12. At all times herein, the conduct of Defendant, complained of below, occurred in Broward County, Florida.

## GENERAL ALLEGATIONS

13. On or about February 23, 2017, Plaintiff received communication from Defendant FRS seeking to collect a debt purportedly owed by Plaintiff. A true and correct copy of the "Letter" is attached hereto as Exhibit "A."

14. According to Defendant FRS's Letter, the amount of the debt was Four Hundred and Eighty-Eight Dollars and Twenty-Two Cents ($488.22), which was owed to Cavalry SPV I, LLC.

15. Defendant FRS' Letter stated, *inter alia:*

> The law limits how long you can be sued on a debt. Because of the age of your debt, our client is not able to site you for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt. We would like to work with you to resolve your account balance.
>
> The account listed above has been assigned to this agency for collection. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debtor any portion thereof, this office will assume this debt is valid If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you

a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you the name and address of the original creditor, if different from the current creditor. ***The account settlement opportunities listed below do not affect your rights described above.***

As of the date of this notice you owe Four Hundred Eighty-Eight Dollars and Twenty-Two Cents ($488.22) and we are authorized to offer you the following options:

1. ( ) Our office will allow you to settle your account for 55.00% of the above referenced balance for a total 1 time lump sum payment of $268.52. We request this payment within 35 days after receipt of this Letter. If you need additional time to respond to this offer, please contact us. Upon receipt and clearance of the payment of 8268152, this account will be considered settled in full for less than the full balance and you will be released of all liability to the creditor relative to the above listed account. We are not obligated to renew this offer. ; or

2. ( ) Our office will allow you to settle your account for 62.50% of the above referenced balance for a total payment of $305.13. You can pay this in 3 payments and we request the first payment within 35 days after receipt of this Letter and the payments can be no more than 30 days apart. If you need additional time to respond to this offer, please contact us. Upon receipt and clearance of these three payments of $101.71. this account will be considered settled in full for less than the full balance and you will be released of all liability to the creditor relative to the above listed account. We are not obligated to renew this offer. ; or

3. ( ) Our office will allow you to settle your account for 70% of the above referenced balance for a total payment of $341.76. You can pay this in 6 payments and we request the first payment within 35 days after receipt of this Letter and the payments can be no more than 30 days apart. If you need additional time to respond to this offer, please contact us. Upon receipt and clearance of these six payments of $56.96, this account will be considered settled in full for less than the full balance and you will be released of all liability to the creditor relative to the above listed account. We are not obligated to renew this offer.

16. In other words, Defendant FRS' Letter informed Plaintiff that (1) she could not be sued for the debt, (2) that making a payment could allow her to be sued, but that (3) the settlement offers in the Letter would not affect her rights.

17. Defendant FRS's representation that the settlement offers would not affect Plaintiff's rights were patently and legally false.

18. In actuality, had Plaintiff agreed to any of the settlement options in Defendant FRS' Letter, her statute of limitation rights as described previously in Defendant FRS' Letter would have been abolished and the statute of limitations would have been revived allowing Defendant FRS' or the original creditor to sue Plaintiff.

## CLASS ACTION ALLEGATIONS

19. This is a class action on behalf of ordinary people. The purpose of this action and the underlying law is not to say that consumers should not be held accountable for their debts, but rather, the purpose of this action is to hold Defendant accountable for its willful ignorance of the laws that place constraints on how Defendant may seek accountability.

20. As such, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Classes of similarly situated individuals defined as follows:

> **FDCPA CLASS: All consumers in the United States to whom Defendant mailed one or more Letters in the same or similar form to the Letter sent to Plaintiff, attempting to collect a personal, family, or household debt, within one year of the filing of this action.**

21. **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the

legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendant's counsel.

22. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Based on information and understanding, Defendant has sent collection Letters to thousands of consumers who fall into the definition of the Class. Members of the Classes can be identified, and Class membership ascertained, objectively through Defendant's records.

23. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes in that, Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and improper collection Letters.

24. **Adequacy Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

25. **Commonality and Predominance:** There are numerous questions of law and fact common to the claims of Plaintiff and the Classes, and those questions go to the heart of the case and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant FRS is a "debt collector" under 15 U.S.C.§ 1692a(6);

    (b) whether the Notice that Defendant FRS sent to the Plaintiff and the Class is a "communication" under 15 U.S.C. § 1692a(2);

    (c) whether Defendant FRS failed to comply with 15 U.S.C. 1692(e); and

    (d) whether Defendant FRS's Notice violates FDCPA.

26. **Superiority & Manageability**: This case is also appropriate for Class certification because Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a Class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a Class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. 1692(e)**

Plaintiff reaffirms and realleges the allegations in paragraphs 1 through 26 as if set forth herein in full.

27. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

28. Plaintiff and the Class are "consumers" as defined by § 15 U.S.C. §1692a(3).

29. The communication that Defendant sent to Plaintiff and Class is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Defendant FRS asserted that Plaintiff's acceptance of the settlement offers in the Letter did not affect Plaintiff's rights—namely, Plaintiff's rights under the statute of limitations,

which protected her from a lawsuit for the debt.

31. Defendant FRS knew that Plaintiff's acceptance of one of the settlement options would restart the statute of limitations thereby allowing Defendant FRS or other to sue Plaintiff for her debt.

32. Defendant FRS' actions were overtly deceptive and misleading.

33. Defendant intentionally, knowingly and repeatedly violated the FDCPA.

34. Defendant has deprived Plaintiff and the Class from the statutory right to receive accurate information concerning the alleged debt.

35. As a result of its violations of the FDCPA, Defendant FRS is liable to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff seeks, individually and on behalf of the Class:

(a) certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(b) declaratory judgment stating that Defendant's conduct violates the FDCPA;

(c) declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(d) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(e) costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) such other relief the Court deems just and proper.

## CLASSWIDE PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on his own behalf and on behalf of the Class, prays for Judgment:

(a) directing Defendant to cease its violations of the FDCPA;

(b) awarding Plaintiff and the Class statutory damages as requested above;

(c) awarding Plaintiff and the Class actual damages as requested above;

(d) awarding Plaintiff and Class attorneys' fees, costs and expenses incurred in this action;

(e) a preliminary and permanent injunction enjoining Defendant from future violations of the FDCPA; and

(f) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 24th day of April, 2017.

Respectfully Submitted,

ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:       jshaw@zpllp.com
Secondary Email:     mperez@zpllp.com

By /s/
JORDAN A. SHAW, ESQ.
Florida Bar No. 111771

and

Darren R. Newhart, Esq.
Florida Bar No.:115546
E-mail:Darren@cloorg.com
J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
E-mail:DCard@Consumerlaworg.com
Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 692-6013
Facsimile: (305) 574-0132